# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**UNITED STATES OF AMERICA**                                                              **PLAINTIFF**

**v.**                                    **Case No. 4:02-CR-00209 GTE**

**MICHAEL RAY GAMBLE**                                                                       **DEFENDANT**

## ORDER

Before the Court is Defendant's Motion to Reduce Sentence, filed *pro se*. Defendant requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1] The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. Based upon such review, the Court concludes that Defendant's motion is frivolous because he was not sentenced based on crack cocaine.

Mr. Gamble pled guilty to conspiracy to distribute marijuana, a violation of 21 U.S.C. § 846 and 18 U.S.C. § 3147, and conspiracy to launder drug proceeds, a violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 3147. The amount of drugs involved triggered a ten year mandatory minimum sentence. On December 18, 2003, Mr. Gamble was sentenced to a total term of 151 months imprisonment.

As a threshold issue, the crack cocaine amendment relied upon by Defendant can not possibly apply unless some quantity of crack cocaine was used to calculate the applicable Guideline range

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

under the drug quantity table, U.S.S.C. § 2D1.1.  The Indictment in this case references only marijuana.  The Court has confirmed that no quantity of crack cocaine was included in the drug quantity amount used, pursuant to U.S.S.G. ¶ 2D1.1, to determine Mr. Gamble's Guideline sentencing range.  Accordingly, Mr. Gamble is not entitled to a sentence reduction in this case.[2]

IT IS THEREFORE ORDERED THAT Petitioner Michael Gamble's *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense  (Docket No. 37) be, and it is hereby, DENIED.

IT IS SO ORDERED this   14th    day of March, 2008.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Mr. Gamble was convicted and sentenced of a crack cocaine offense in a completely separate Eastern District of Arkansas case, Case No. 4:98-cr-00139(2).  In that case, Mr. Gamble may be entitled to some relief as a result of the crack cocaine retroactive amendment and he may wish to consider filing a motion.