**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

v.                                 **Case No. 4:98-CR-00139-02 GTE
Case No. 4:02-CR-00209-01 GTE**

**MICHAEL RAY GAMBLE**                                                   **DEFENDANT**

**ORDER**

Before the Court is Defendant Michael Gamble's Motion to Reduce Sentence. Defendant requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant's request is based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1] The Government opposes any sentence reduction. The Court has reviewed all the submissions of the parties in connection with this issue, including letters of support submitted by Gamble's family on his behalf and a letter by Gamble himself.[2]

Gamble is presently serving a sentence of imprisonment in federal prison. He was sentenced for two federal crimes – only one of which involved crack cocaine. The dispute in this case raises the question of whether he is presently serving a sentence based on crack cocaine.

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] The letters demonstrate that Gamble has a loving and supportive family. The Court sympathizes with them and the hardship imposed on the family as a result of Gamble's lengthy incarceration.

For the reasons discussed below, the Court concludes that Defendant's motion must be denied.

## BACKGROUND

The calculation of the sentence in connection with Case No. 4:98-CR-00139 ("the 1998 case") involved crack cocaine; the sentence in connection with Case No. 4:02-CR-00209 ("the 2002 case") did not.

In the 1998 case, Gamble pled guilty to conspiracy to posses with intent to distribute drugs. The plea agreement specified that 64 grams of crack cocaine were involved in the offense conduct. On October 25, 2002, Gamble was sentenced to 60 months of imprisonment. At the time of sentencing, Gamble had been in federal custody since April 20, 2001, for violating the conditions of his pre-trial release. Thus, the 60 month sentence related back to that date.

In the 2002 case, Gamble pled guilty to conspiracy to distribute marijuana and conspiracy to launder drug proceeds. The amount of drugs involved triggered a ten year mandatory minimum sentence. On December 18, 2003, Gamble was sentenced to a total term of 151 months imprisonment. In February 2007, the Court granted the Government's Rule 35 motion and reduced the sentence to 127 months imprisonment, to run consecutive to the sentence in the 1998 case.

In March 1998, this Court denied Gamble's motion for a sentence reduction, filed *pro se*, in the 2002 case. The Court held that Gamble was not entitled to a sentence reduction based on the crack cocaine amendment because his sentence in the 2002 case was not determined based on any quantity of crack cocaine.

In April 2008, counsel entered an appearance for Gamble and filed the present motion for reduction of sentence in the 1998 case.

**DISCUSSION**

The Government contends that Gamble can not possibly still be serving a sentence related to the 1998 case. The Government argues that Gamble was already serving the 60 month sentence in the 1998 case when he was sentenced in the 2002 case. Further, the Government points out that Gamble would have completed his 60 month sentence no later than April of 2006, even without any good time credit. This date predates the effective date of the crack cocaine amendment in November of 2007, the December 2007 decision to apply the amendment retroactively, and the March 3, 2008, effective date for applying the amendment retroactively..

In order to be eligible for a sentence reduction, Gamble must be presently serving some portion of the 60 month sentence of imprisonment imposed in the 1998 case.[3] Otherwise, he is not serving a sentence of crack cocaine and is ineligible for any reduction. Gamble argues that he is serving a single aggregate sentence in both cases rather than separate sentences. Gamble points to 18 U.S.C. § 3584(c) which provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." This provision instructs the Bureau of Prisons in administering the sentence and is not determinative of the issue before the Court.

The cases relied upon by Gamble involve sentences imposed simultaneously. Such cases are not instructive here. Gamble had already served over one-half of the sentence imposed in the 1998 case when he was sentenced in the 2002 case. The Court finds no case specifically on point.

The Court concludes that Gamble is ineligible for a sentence reduction in the 1998 case. To hold otherwise would essentially provide Gamble with a benefit that he would not otherwise have

---

[3] U.S.S.G. § 1B1.10(b)(2)(C)("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").

received but for the fact that he committed a second federal crime.  In other words, a defendant who received the same sentence at the same time as Gamble for a crack cocaine offense would not be eligible for a sentence reduction because he would have served his sentence by the March 3, 2008, effective date of the crack cocaine amendment.  Based in large part on public policy concerns, the Court concludes that Gamble is not eligible for a sentence reduction.

In addition to requesting a sentence reduction in the 1998 case, Gamble requests that this Court modify the prior decision to run the sentence in the 2002 case consecutively to the sentence in the 1998 case, by directing that such sentence run concurrently.  The Court has no jurisdiction to revisit that issue.

IT IS THEREFORE ORDERED THAT Petitioner Michael Gamble's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense  (Docket No. 319) be, and it is hereby, DENIED.

IT IS SO ORDERED this   1st   day of August, 2008.

                                              /s/Garnett Thomas Eisele  
                                              UNITED STATES DISTRICT JUDGE